IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

GLENN HOLLADAY,           )
                        )
       Petitioner     )
                        )
vs.                   )     CASE NO. CV03-PT-1323-M
DONAL CAMPBELL, Commissioner,  )
Alabama Department of Corrections,  )
                        )
       Respondent   )

**ENTERED**

FEB 1 2 2004

## MEMORANDUM OF OPINION

This is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2244(b)(2)(A), in which petitioner contends his death sentence constitutes cruel and unusual punishment because he is mentally retarded as defined by *Atkins v. Virginia*, 536 U.S. 304, 122 S.Ct. 2242, 153 L.Ed.2d 335 (2002). Respondent filed an answer, contending that petitioner's claim is procedurally barred and an abuse of the writ, and that petitioner is not mentally retarded.

The magistrate judge interpreted respondent's answer to include a motion to dismiss and motion for summary judgment, and petitioner was provided an opportunity to respond accordingly. Petitioner filed a response. The magistrate judge filed a report and recommendation on January 9, 2004, recommending that respondent's motion to dismiss and motion for summary judgment be denied. On January 26, 2004, respondent filed objections to the magistrate judge's report and recommendation.

Respondent complains that the Eleventh Circuit did not, as the magistrate judge wrote, "'expressly reject[], for purposes of its review, the State's position that petitioner's claim was procedurally barred and an abuse of the writ.'" (Document #22, at 1, citing Document #21, Report and Recommendation, at 1). Instead, the Court wrote,

> It is not at all clear from the documents presented to us whether petitioner's claim is procedurally barred, or whether he abused the writ by waiting until now to file this petition. We expect these matters to be more fully developed and addressed in the district court, as well as any contention that petitioner failed to exhaust his claim by first presenting it in state court.

*In re Holladay*, 331 F.3d 1169, 1176 n.5 (11th Cir. 2003).

Therefore, the last sentence of the first paragraph on page one of the magistrate judge's report and recommendation is due to be ADOPTED and ACCEPTED IN PART and REJECTED IN PART. Since approval of the application was based upon *Atkins* and 28 U.S.C. § 2244(b)(2)(A) & (b)(3)(C), the Court did expressly reject any contention petitioner's claim was procedurally defaulted under *Atkins* and 28 U.S.C. § 2244(b)(2)(A) & (b)(3)(C). However, it only questioned whether petitioner's claim was procedurally barred and an abuse of the writ. Therefore, the magistrate judge's statement was overbroad. Accordingly, to the extent the magistrate judge's statement applies to the procedural default principles in *Atkins* and 28 U.S.C. §2244(b)(2)(A) & (b)(3)(C), his report is due to be ADOPTED and ACCEPTED. However, to the extent the magistrate judge's statement was directed to the Eleventh Circuit's

query regarding procedural default and abuse of the writ, same is due to be REJECTED.

Next, respondent argued and continues to argue petitioner's claim is barred[1] under the traditional default principles in *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). Respondent also takes issue with the magistrate judge's reliance upon *Lee v. Kemna*[2] to conclude Alabama's procedural rules are inadequate. (Document #22, at 2-3). Respondent claims, unlike *Kemna*, petitioner did not first present his claim in state court, and therefore said claim is procedurally defaulted. (*Id.* at 2). Respondent also contends petitioner has not shown cause for the default and that a manifest injustice will occur if his claim is not heard. (*Id.* at 3).

The fact Kemna presented his claim to the state court first has nothing to with whether or not a state procedural rule is adequate. In *Kemna*, the Supreme Court wrote that even if a state court procedural rule is firmly established and regularly followed, there still exist exceptional cases where exorbitant application of the rule would render it inadequate. 534 U.S. at 376, 122 S.Ct. at 885-86. Applying *Kemna*'s reasoning to petitioner's claim, the magistrate judge found Alabama's procedural rules were inadequate in the face of a new substantive constitutional rule, made retroactive to cases on collateral

---

[1] Respondent's answer did not acknowledge either § 2244(b)(2)(A), *Atkins*, or *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), as exceptions to the bar on second or successive petitions. (Document #10).

[2] 534 U.S. 362, 375-78, 122 S.Ct. 877, 878-84, 151 L.Ed.2d 820 (2002).

review by the United States Supreme Court, and thus could not act as a bar to petitioner's claim.   As such, it was unnecessary to engage in a discussion regarding cause and prejudice.

If this court accepted respondent's assertion that Alabama's state procedural rules are adequate in this instance, then every death row prisoner in petitioner's procedural posture would be prohibited under traditional procedural default principles from pursuing an Eighth Amendment mental retardation claim.   To allow a state procedural bar take priority over and prevent the remedy provided by the United States Supreme Court in *Atkins* would be an exorbitant application of a state procedural rule.   "As Justice Harlan wrote: 'There is little societal interest in permitting the criminal process to rest at a point where it ought properly never to repose.'" *Penry v. Lynaugh*, 492 U.S. 302, 329-30, 109 S.Ct. 2934, 2952-53, 106 L.Ed.2d 256 (1989), *quoting Mackey v. United States*, 401 U.S. 667, 693, 91 S.Ct. 1160, 1180, 28 L.Ed.2d 404 (1971).

Even if this court were to reject (which it does not) the magistrate judge's report to the extent that he relies upon the adequacy prong of *Wainwright*, petitioner still is not procedurally defaulted from pursuing his claim because the *Atkins* decision satisfies the cause exception to the procedural bars governing successive petitions in Rule 32.2 of the Alabama Rules of Criminal Procedure. Rule 32.2(b)(2), Ala.R.Crim.P., reads,

4

> A successive petition on different grounds shall be denied unless
> . . . the petitioner shows both that good cause exists why the new
> ground or grounds were not known or could not have been
> ascertained through reasonable diligence when the first petition
> was heard, and that failure to entertain the petition will result in a
> miscarriage of justice.

Respondent argues petitioner cannot show cause for his failure to raise the claim at issue because defense attorneys already were raising the same argument at the time of petitioner's trial proceedings, and those arguments were reflected in published case opinions during the same time period. (Document #22, at 14).  Although petitioner did raise the issue of mental retardation as a mitigating factor through the course of those proceedings, until the filing of this petition, he did not argue that his execution would violate the Eighth Amendment.  (*Id.* at 17-18).  Therefore, respondent concludes petitioner failed to show the causation necessary to except him from the procedural bars contained in Rule 32, Ala.R.Crim.P.

Respondent's argument might have some merit had the *Atkins* Court determined the prohibition against executing mentally retarded persons was either a new procedural rule, and therefore not retroactive to cases on collateral review, or just a clarification or natural extension of an old rule.  *See Murray v. Carrier*, 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986); *Engle v. Isaac*, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982).  However, the *Atkins* and *Penry* decisions, viewed together, clearly show that the Supreme Court announced a *new substantive rule, made retroactive to cases on*

5

*collateral review,* that was previously *unavailable*.   Availability in this circumstance is determined by the date the Supreme Court states that a new rule is retroactive.  *In re Provenzano*, 215 F.3d 1233, 1235 (11th Cir. 2000); *Gray-Bey v. United States*, 209 F.3d 986 (7th Cir. 2000); *Sustache-Rivera v. United States*, 221 F.3d 8 (1st Cir. 2000).  Therefore, *Atkins* provides the causation necessary for petitioner to satisfy Rule 32.2(b)(2), Ala.R.Crim.P.

In addition to causation, petitioner must show that a miscarriage of justice would occur if the court does not lift the procedural bar impeding litigation of his claim.  In the present case, petitioner contends he is actually innocent of the death penalty.  He has presented documentary evidence of his mental retardation, including a finding by the trial court that he was mentally retarded.  While certainly respondent has shown comparable evidence to the contrary, a genuine issue of material fact exists as to the question of petitioner's mental retardation in the context of an Eighth Amendment claim.  If petitioner is mentally retarded, he is actually innocent of the death sentence imposed upon him.  *Calderon v. Thompson*, 523 U.S. 538, 118 S.Ct. 1489, 140 L.Ed.2d 728 (1998).  Therefore, petitioner has satisfied the miscarriage of justice prong of Rule 32.2(b)(2), Ala.R.Crim.P.

Finally, even though respondent admits the magistrate judge was correct in reporting the State "asserted in its answer that it would be futile to raise this claim in state court because of the State's procedural default rules[,]"

respondent now argues exhaustion has not been expressly waived because at the time the State's July 8, 2003, answer was filed, the Alabama Court of Criminal Appeals had not yet released its opinion accepting *Atkins* as creating a new substantive rule, made retroactive to cases on collateral review, that was previously unavailable. (Document #22, at 3, *citing Clemons v. State*, 2003 WL 22047260, at *2-3 (Ala.Crim.App. Aug. 29, 2003)). Respondent's argument is without merit.

For the record, in the answer to the petition for writ of habeas corpus respondent wrote, "Holladay's claim is not exhausted because it has never been raised in state court[, but]. . . .

[r]espondent does not allege [that said claim is] unexhausted. . . because it would be futile to make this claim in state court because the claim would be procedurally defaulted in state court for a number of reasons (not filed within statute of limitations, filed in successive petition, and not raised at trial or on appeal). *See* Rule 32.2(a)(3), (a)(5), (b) and (c), Ala.R.Crim.P.

(Document #10, at 14 n.5). Respondent clearly acknowledged petitioner's claim was unexhausted but affirmatively chose not to raise exhaustion as a defense because same was futile, *ergo* procedurally defaulted. Respondent's contention that the answer was correct at the time it was filed, because the Alabama Court of Criminal Appeals had not released the *Clemons* opinion, is inaccurate because that Court's position on *Atkins* was available well before respondent filed an answer in this action.

7

The Alabama Court of Criminal Appeals released an opinion in *Wood v. Alabama*[3] on April 25, 2003, and rehearing was denied on May 23, 2003. In *Wood*, the petitioner appealed the denial of several claims by a Rule 32 trial court, and after the "case was orally argued and submitted [to the Alabama Court of Criminal Appeals], the United States Supreme Court released its decision in *Atkins* . . ." *Id.* at 1. Since Wood argued his counsel were ineffective for failing to develop evidence of his mental retardation, the Alabama Court of Criminal Appeals

> requested [petitioner] and the attorney general brief (sic) the applicability of *Atkins* to this case. The parties submitted briefs in support of their respective positions, and [the court] considered those briefs in reviewing the case.
>
> In light of the Supreme Court's decision in *Atkins*, [the court] must remand this case to the circuit court to allow that court to determine whether the appellant is mentally retarded . . . .

*Id.* Had the appellate court not determined *Atkins* was a new rule, made retroactive to cases on collateral review, that was previously unavailable, *Woods* would not have been afforded an opportunity to litigate his Eighth Amendment mental retardation claim before the trial court.

Further, at the time respondent filed the answer, the *Atkins* decision was at least a year old, and the Eleventh Circuit had granted petitioner's successive application on the basis of *Atkins*, which included a discussion regarding new substantive rules, retroactivity, and availability. Still, the State chose to rely

---

[3] 2003 WL 1949784, ___ So.2d ___ (Ala.Crim.App. Apr. 25, 2003).

solely on the theory that petitioner's claim was procedurally barred and affirmatively refused to consider exhaustion as a defense. Respondent also has had ample opportunity to, but has never filed an amended answer raising exhaustion as a defense. Accordingly, the magistrate judge's report recommending that exhaustion has been affirmatively waived is due to be ADOPTED and his recommendation is due to be ACCEPTED.

Thus, having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the Court is of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED and the recommendation is ACCEPTED, with the following exception. The last sentence of the first paragraph of the magistrate judge's report and recommendation is due to be ADOPTED and ACCEPTED IN PART and REJECTED IN PART. Since approval of the application was based upon *Atkins* and 28 U.S.C. § 2244(b)(2)(A) & (b)(3)(C), the Court did expressly reject any assertion that petitioner's claim was procedurally defaulted under *Atkins* and 28 U.S.C. § 2244(b)(2)(A) & (b)(3)(C). However, it only questioned whether petitioner's claim was procedurally barred and an abuse of the writ. Therefore, the magistrate judge's statement was overbroad. Accordingly, to the extent the magistrate judge's statement applies to the procedural default principles in *Atkins* and 28 U.S.C. § 2244(b)(2)(A) & (b)(3)(C), his report is due to be ADOPTED and ACCEPTED. However, to the extent the magistrate judge's

9

statement was directed to procedural bar and abuse of the writ, same is due to be REJECTED.

Accordingly, respondent's motion to dismiss and motion for summary judgment are due to be DENIED, and this action is due to be REFERRED to the magistrate judge for further proceedings on the merits.

An appropriate order will be entered.

DATED this _____ day of _____, 2004.

ROBERT B. PROPST
SENIOR JUDGE